### A. J. BALLARD, ETC., *v.* L. GILES & MONAHAN, ETC.

**Municipal Corporations—Ordinance—Adoption.**

The adoption of an ordinance for a street improvement on the first reading, under suspension of the rule, by a two-thirds vote of the council, is a substantial compliance with § 11, art. 3, charter of 1851.

**Appeal—Presumption as to Adoption of Ordinance Under Suspension of Rule.**

The Court of Appeals must presume that an emergency existed for the suspension of a rule and adoption of an improvement ordinance on the first reading, and that the proposition to suspend the rule received the requisite number of votes, in the absence of a contrary showing.

**Municipal Corporations—Suspension of rule—Approval of Mayor.**

Section 5 of art. 4, charter of 1851, did not require a vote to suspend the operation of § 11 of such charter to be approved by the mayor.

**Municipal Corporations—Presumption as to Letting of Improvement Contract.**

Where a contract embraces work to be done on several squares at the same rate per front foot, it will be presumed that the work was let in accordance with the provisions of the ordinance.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 22, 1873.

Opinion by Judge Lindsay:

The ordinance providing for the improvement of Eighth street, from the south side of Kentucky to the north side of Oldham street, was regularly passed by the board of aldermen and on the 22d of July, 1869, reported to the common council, when it was "read once, rule suspended, and passed." It is insisted that the suspension of the rule requiring that "every ordinance shall be read at two meetings of the council, unless two-thirds of the council shall vote for the dispensation of this rule," is not equivalent to an agreement on the part of two-thirds of the members-elect to suspend Sec. 11, Article 3, of the Charter of 1851.

The rule in question was undoubtedly adopted in obedience to this section of the charter, and as it can not be suspended unless the proposition to do so receives at least as many votes as was required to suspend the operation of said section of the charter, we are constrained to conclude that the suspension of the rule was a substantial compliance with the charter, and hence that the ordinance was legally adopted.

We must presume that the emergency contemplated by the char-

ter existed, and that the proposition to suspend the rule received the requisite number of votes.

To construe Sec. 5, Article 4, of the charter as requiring a vote to suspend the operation of Sec. 11, Article 3, to be approved by the mayor would be in effect to nullify the right of either board of the general council to suspend it all. Such a construction is wholly inadmissible.

If it be conceded that the ordinance involved the expenditure of money by the city, still the charter authorized the action of the general council in the premises.

Although the contract embraces work to be done upon several squares, at the same rate per front foot, it is not shown that the work was not contracted for by the square. The presumption in such a state of case must be that the work was let out in accordance with the provisions of the ordinance, the fact the intersections were included in the bids for the several squares neither tends to show that the work was let by the square, and we may well assume that by embracing in each square the intersection to be paid for by the city, the cost of the work chargeable to the lot owners was diminished.

The validity of the contract did not depend upon its being attested by the city engineer, but upon the approval of both boards of the general council.

It is undoubtedly true that an ordinance passed by a municipal corporation must be made to conform strictly to the provisions of the charter, but this strictness applies to the substance rather than to the letter of the charter, and ought not to be carried to such an extent as to render it impossible for the charter to be allowed to operate at all.

Perceiving no available ground for a reversal of chancellor's judgment, it is *affirmed*.

*Bullock, Anderson & Weissenger, for appellants.*

*Jackson, Parsons, for appellees.*